UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD DALESANDRO,<br><br>    Plaintiff,<br><br>  v.<br><br>RCAP HOLDINGS, LLC,<br><br>    Defendant<br><br>  - and -<br><br>RCS CAPITAL CORPORATION,<br><br>    Nominal Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Donald Dalesandro ("Dalesandro") by his undersigned attorneys, alleges upon information and belief as to all paragraphs except paragraphs 1-2, as follows:

### Preliminary Statement

1. This action is brought pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act") [15 U.S.C. § 78p(b)] ("§16(b)") in order to recover short-swing insider trading profits realized by the defendant while it and its principals were statutory insiders of RCS Capital Corporation ("RCS Capital" or the "Company") under the Exchange Act. This action is not punitive in nature and instead only seeks to disgorge profits earned from the subject trading.

1

**Parties**

2. Plaintiff Dalesandro is a California resident and brings this action as attorney in fact for Liberty Solution, which owns RCS Capital Class A Common Stock, par value $0.001.

3. RCS Capital, a nominal defendant herein, is a Delaware corporation with its principal place of business at 405 Park Ave., 12th Floor, New York, NY 10022.

4. Defendant RCAP Holdings, LLC ("RCAP Holdings") is a Delaware limited liability company. At all relevant times, RCAP Holdings was a beneficial owner of more than ten percent (10%) of RCAP Holdings' Class A Common Stock, and held the only outstanding share of RCS Capital's Class B Common Stock. RCS Capital's certificate of incorporation provides that so long as any Class B Common Stock remains outstanding, the holders of Class B Common Stock will always have a majority of the voting power RCS Capital's outstanding common stock, and thereby control RCS Capital.

5. Nicholas S. Schorsch ("Schorsch") was the Executive Chairman of RCS Capital's Board of Directors at all relevant times prior to his resignation from the Board on July 7, 2014.

6. William M. Kahane ("Kahane") was a director of RCS Capital at all relevant times prior to his resignation from the Board on July 7, 2014. Kahane was also Chief Executive Officer ("CEO") of RCS Capital at all relevant times before his resignation on September 22, 2014.

7. Schorsch and Kahane directly or indirectly controlled RCAP Holdings at all relevant times.

**Jurisdiction And Venue**

8. Jurisdiction of this court and venue in this District are proper pursuant to 15 U.S.C. § 78(a)(a) in that certain of the acts underlying this action occurred in this District.

## The Governing Law

9. Section 16(b) of the Exchange Act provides that if a person, while beneficially owning more than 10 percent of a class of equity securities of an issuer, purchases and sells, or sells and purchases shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing on its behalf.

## Defendants' Purchase and Sale Transactions

10. On or around June 5, 2014, while RCAP Holdings was a greater than 10% beneficial owner of RCS Capital's Class A Common Stock and the sole shareholder of RCS Capital's Class B Common Stock, RCAP Holdings sold 5,000,000 shares of the RCS Capital's Class A Common Stock as a "selling stockholder" in RCS Capital's public offering. The offering price was $20.25 per share, or $101.25 million for all 5,000,000 of shares owned by RCAP Holdings.

11. On June 30, 2014, RCAP Holdings acquired 11,264,929 shares of RCS Capital's Class A Common Stock for not more than $18.42 per share, a price below the June 5, 2014 offering price, thereby generating a profit on 5,000,000 shares of not less than $1.83 per share, or $9,150,000.[1]

12. On July 2, 2014, RCAP Holdings filed a Statements of Changes in Beneficial Ownership on Form 4 with the Securities and Exchange Commission ("SEC"). Therein, RCAP Holdings disclosed that subsequent to RCAP Holdings' acquisition of Class A Common Stock

---

[1] The stock was acquired pursuant to the April 3, 2014 "First Allied Contribution Agreement" between RCS Capital and RCAP Holdings. Pursuant to the terms of the agreement, RCAP Holdings purchased 11,264,929 shares of RCS Capital's Class A Common Stock. As consideration, RCAP Holdings paid RCS Capital $207.5 million in the form of all the issued and outstanding shares of First Allied Holdings Inc.

on June 30, 2015, RCAP Holdings distributed every share of Class A Common Stock that it owned directly,[2] pro rata, to the members of RCAP Holdings. On information and belief, Defendants Schorsch and Kahane were managing members of RCAP Holdings at the time of the distribution.[3]

### First Claim for Relief Against RCAP Holdings

13. Plaintiff repeats and realleges the allegations above, as if fully set forth herein.

14. RCAP Holdings was a greater than ten percent (10%) holder of RCS Capital Class A Common Stock at all relevant times. As detailed in paragraphs 10 and 11, *supra,* RCAP Holdings engaged in purchase and sale transactions in the RCS Capital's Class A Common Stock which resulted in disgorgeable short-swing profits under §16(b) which are believed to exceed $8 million.

15. In addition to the transactions described above, there may be other transactions involving RCS Capital and RCAP Holdings not reflected in the public records and/or not uncovered by Plaintiff's investigation as of the date of this filing for which RCS Capital has a right to recover short-swing profits under §16(b). Plaintiff requests disgorgement of all such short-swing profits, and does not disclaim his right to seek disgorgement of such short-swing profits on RCS Capital's behalf.

### Demand

16. Plaintiffs made demand on RCS Capital on November 25, 2015 to commence this lawsuit to recover short-swing profits from RCS capital and Defendants Schorsch and Kahane,

---

[2] 11,264,929 shares acquired pursuant to the First Allied Agreement, plus 7,764,543 that RCAP Holdings owned before the acquisition.

[3] Also members were Schorsch's wife, Shelley D. Schorsch, and three other members of RCS Capital's board of directors, Edward M. Weil, Jr., Peter M. Budko, and Brian S. Block.

but it failed to do so within the sixty (60) day period as required by §16(b).

WHEREFORE, plaintiff demands judgment on behalf of RCS Capital against Defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

## Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

Dated: January 26, 2016

**GLANCY PRONGAY & MURRAY**

By: *s/ Lesley F. Portnoy*
Lesly F. Portnoy (LP-1941)
Gregory B. Linkh (GL-0477)
122 E 42nd Street, Suite 2920
New York, New York 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email:  lportnoy@glancylaw.com
           glinkh@glancylaw.com

*Liaison Counsel for Plaintiff*

**THE WAGNER FIRM**
Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

*Counsel for Plaintiff*